IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NEAL E. HARRIS, III, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | No. 3:17-cv-2645-B (BT) |
| | § | |
| LORIE DAVIS, *Director*, TDCJ-CID | § | |
|     Respondent. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Neal E. Harris, III, a Texas prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. The district court referred the resulting civil action to the United States magistrate judge, pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the district court should dismiss the petition as barred by limitations or, alternatively, deny the petition.

I.

Petitioner pleaded guilty to aggravated robbery with a deadly weapon. *State of Texas v. Sherman Shields*,[1] No. F-06-70889-K (Crim. Dist. Ct. No. 4, Dallas County, Tex. Nov. 13, 2007). He was sentenced to 30 years in prison.

---

[1] Petitioner was indicted under the alias "Sherman Shields."

1

Petitioner does not challenge his conviction. Instead, he argues that due to a federal detainer, Respondent has denied him access to rehabilitation programs and trusty status in violation of his constitutional rights. He also argues he should be transferred from state custody to federal custody so that his federal and state sentences will run concurrently.

II.

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the AEDPA governs the petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 (1996).

The one-year period is calculated from the latest of: (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date

on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1).

Here, Petitioner has not alleged that a state-created impediment under subparagraph (B) prevented him from filing his federal petition; nor does he does he claim entitlement to relief based on a new constitutional right under subparagraph (C). Subparagraph (A) is not applicable because it pertains to direct review of "the judgment," which is not at issue in this case. Therefore, the Court will calculate the one-year limitations period under subparagraph (D); that is, from the date the facts supporting the claims raised in the petition became known or could have become known through the exercise of due diligence.

Here, the federal detainer was placed on Petitioner on February 23, 2009. (ECF No. 16, Ex. A.) Petitioner does not state when he learned of the detainer, but he does not dispute Respondent's argument that he knew or could have known about the detainer at that time. Petitioner did not file his § 2254 petition until September 9, 2017—more than *eight* years later. His petition is therefore untimely.

3

Further, Petitioner has stated no facts, and has made no argument, supporting equitable tolling of the limitations period. The Court therefore finds his claim should be dismissed as time-barred.

III.

Petitioner's claims are also without merit. Petitioner argues Respondent has excluded him from trusty status due to the federal detainer. Respondent, however, submitted Petitioner's time credit information showing that Petitioner has trusty status. (ECF No, 16-1 at Ex. C.)  Petitioner did not respond to this evidence. Petitioner's claim should therefore be denied.

Petitioner also claims Respondent denied him access to educational and vocational programs due to the federal detainer. Prisoners, however, generally have no constitutionally-protected interest in participating in rehabilitation programs. *See Moody v. Doggett*, 429 U.S. 78, 88 n. 9 (1976); *Bulger v. Bureau of Prisons*, 65 F.3d 48, 49 (5th Cir. 1995). Petitioner's claim should be denied.

Finally, Petitioner argues Respondent should remand him to federal prison to serve his federal sentence, and that his federal and state sentences should run concurrently. Petitioner, however, has failed to show that Respondent has the authority to require the Bureau of Prisons ("BOP") to

4

accept Petitioner into its custody and run his sentences concurrently. The Attorney General, through the BOP, has the responsibility for administering and computing his sentence. *United States v. Wilson*, 503 U.S. 329, 335 (1992). Under 18 U.S.C. § 3621(b),

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted[.]

Petitioner's claim, therefore, should be directed to the Bureau of Prisons under 28 U.S.C. § 2241. *United States v. Tubwell*, 37 F.3d 175, 177 (5th Cir. 1994) (stating a challenge to the way a sentence is being executed rather than the validity of the conviction is properly brought as a petition for writ of habeas corpus under 28 U.S.C. § 2241.) Prior to filing his claim under § 2241, Petitioner is required to exhaust any available administrative remedies. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam). The Court further notes that the judgment in Petitioner's federal case states that his federal sentence is to run consecutively to his state sentence. *See United States v. Harris*, No. 2:04-cr-20147-SHM (W.D. Tenn.) (ECF No. 79.) Therefore, Petitioner's claim should be denied.

IV.

The Court should DISMISS with prejudice the petition for a writ of habeas corpus because it is barred by the one-year statute of limitations. Alternatively, the Court should DENY the petition.

Signed November 2, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGSTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).